# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Alvin Dennis and Archtrin Turner-Dennis,<br>Individually and as Parents of F.D., a Minor<br>2026 McKean Street<br>Philadelphia, Pennsylvania 19145<br><br>Plaintiffs<br><br>V.<br><br>The School District of Philadelphia<br>440 North Broad Street<br>Philadelphia, Pennsylvania 19130<br><br>And<br><br>The Pennsylvania Department of Education<br>607 South Drive<br>Harrisburg, Pennsylvania 17120<br><br>Defendants | : | Civil Action No. |

## CIVIL ACTION COMPLAINT

Plaintiffs, Alvin Dennis, Archtrin Turner-Dennis, and F.D. (hereinafter collectively referred to as "Family"), by and through their undersigned counsel, now present the following claims against the Defendants, the School District of Philadelphia (hereinafter referred to as "District"), and the Pennsylvania Department of Education (hereinafter referred to as "Department"). In support of their claims, the Family avers the following:

1. Plaintiffs, Alvin Dennis and Archtrin Turner-Dennis, are adult individuals and citizens of the Commonwealth of Pennsylvania. At all times relevant hereto they resided in a home located in the City of Philadelphia and the School District of Philadelphia.
2. Plaintiff, F.D., is the minor child of Plaintiffs, Alvin Dennis and Archtrin Turner-Dennis, and a citizen of the Commonwealth of Pennsylvania. At all times relevant

hereto, she resided with her parents in a home located in the City of Philadelphia and the School District of Philadelphia.

3. Defendant, the School District of Philadelphia, is a public school district in the Commonwealth of Pennsylvania located at 440 North Broad Street, Philadelphia, Pennsylvania 19130.

4. At all times relevant hereto, the District was responsible to provide educational services, and special educational services to all students residing in the District.

5. At all times relevant hereto, the District was the recipient of Federal Funding.

6. Defendant, the Pennsylvania Department of Education, is an agency of the Commonwealth of Pennsylvania and is located at 607 South Drive, Harrisburg, Pennsylvania 17120.

7. At all times relevant hereto, the Department was responsible to ensure that School Districts in the Commonwealth of Pennsylvania operated in conformity with the requirements of the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et. seq. (hereinafter referred to as the "IDEA").

8. At all times relevant hereto, the Department was the recipient of Federal Funding.

9. At all times relevant hereto, F.D. has been eligible for special education services pursuant to the IDEA and pursuant to Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 (hereinafter referred to as "Section 504").

**Jurisdiction**

10. This Honorable Court has jurisdiction over the claims set forth herein pursuant to 20 U.S.C. § 1415, 29 U.S.C. § 794(a), and 28 U.S.C. § 1331.

## Factual Background

11. F.D. is a fifteen (15) year old High School student who lives in the District.

12. F.D., at all times relevant hereto, has been eligible for special education services pursuant to the IDEA, and pursuant to Section 504, due to her Multiple Disabilities, Autism, a Speech or Language Impairment, and an Intellectual Disability.

13. F.D. immigrated to this country from Liberia just before entering the District in October of 2023.

14. F.D. entered the District on October 17, 2023.

15. The District evaluated F.D. for IDEA and Section 504 services in the Fall of 2023 and determined that she was eligible for services in December of 2023.

16. The District thereafter implemented an Individualized Education Program (hereinafter referred to as an "IEP") for F.D. at the Delaplaine McDaniel School and at the Edward Heston School during the 2023-2024 school year when she was in Seventh Grade.

17. F.D. received Extended School Year services (hereinafter referred to as "ESY") from the District during the Summer of 2024.

18. F.D. returned to Edward Heston for the 2024-2025 school year for Eighth Grade pursuant to an IEP that once again provided for a Supplemental Level of Multiple Disabilities Support.

19. F.D. once again received ESY from the District during the Summer of 2025.

20. During the 2025-2026 school year, F.D. attended Kensington High School for Creative and Performing Arts in the District pursuant to an IEP that provided a Supplemental Level of Multiple Disabilities Support.

21. F.D. once again received ESY from the District during the Summer of 2025.

22. On October 15, 2025, the Family filed a Due Process Complaint against the District with the Pennsylvania Office of Dispute Resolution contending that the District never provided F.D. with an appropriate placement, an appropriate IEP, appropriate Related Services, and/or appropriate Specifically Designed Instruction thereby denying her a Free Appropriate Public Education which entitled her to Compensatory Education. The Family also contended in its Due Process Complaint that the District's actions demonstrated that F.D. should be moved immediately to a new placement once an appropriate placement is identified that would appropriately address all of her needs.

23. The Family's Administrative Action was captioned F.D. v. The School District of Philadelphia, Pennsylvania Office of Dispute Resolution, ODR File Number 32018-25-26.

24. Hearing Officer Cathy Skidmore from the Pennsylvania Office of Dispute Resolution conducted a Due Process Hearing regarding the Due Process Complaint.

25. Hearing Officer Skidmore thereafter issued her Due Process Hearing Decision on May 11, 2026.

26. In her Decision, Hearing Officer Skidmore awarded F.D. over Five Hundred and Sixty Hours of Compensatory Education, and ordered the District to place F.D. at an appropriate out of District placement to start at the beginning of the 2026-2027 school year.

27. Neither party appealed Hearing Officer Skidmore's Decision.

**Count I**
**Claim Against the District for Counsel Fees and Expenses**

28. The previous paragraphs of this Complaint are incorporated herein by reference as if set forth in their entirety.

29. The IDEA provides that "In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs … to a prevailing party who is the parent of a child with a disability…." 20 U.S.C. § 1415(i)(3)(B)(i).

30. Section 504 provides that "In any action or proceeding to enforce or charge a violation of a provision of this subchapter, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 29 U.S.C. § 794a.

31. In light of the relief granted to them in Hearing Officer Skidmore's Decision on May 11, 2026, the Family is the prevailing parties in the underlying Due Process case; therefore, they are entitled to be awarded the following: (1). counsel fees, expert fees, and costs incurred for all aspects of the underlying Due Process case; and (2). counsel fees, expert fees, and costs incurred for all aspects of the present action.

WHEREFORE, Plaintiffs, Alvin Dennis and Archtrin Turner-Dennis, individually, and as parents and natural guardians of F.D., respectfully request that this Honorable Court award them: (1). counsel fees, expert fees, and costs incurred for all aspects of the underlying Due Process case; and (2) counsel fees, expert fees, and costs incurred for all aspects of the present action.

**Count II**
**Claim Against the District and the Department for Placement**

32. The previous paragraphs of this Complaint are incorporated herein by reference as if set forth in their entirety.

33. Although Hearing Officer Skidmore ordered the District to place F.D. at an appropriate out of District placement to start at the beginning of the 2026-2027 school year, the District has not found a placement for F.D.

34. F.D. presently remains in a placement at Kensington High School for Creative and Performing Arts in the District which Hearing Officer Skidmore already found to be inappropriate under the IDEA and Section 504.

35. The Family has done everything they can do to move F.D. to an appropriate placement.

36. The Department is supposed to investigate and ensure that the District complies with Hearing Officer Skidmore's Due Process Hearing Decision pursuant to 34 C.F.R. §§ 300.151 and 300.152.

37. The Family reported to the Department that the District is not complying with Hearing Officer Skidmore's Due Process Hearing Decision, and the Department has taken no action to rectify the situation.

38. Moreover, in instances where the District has failed to perform its obligation to place F.D. pursuant to Hearing Officer Skidmore's Due Process Hearing Decision, the Department must intervene and make sure F.D.'s right to a Free Appropriate Education is enforced. See 34 C.F.R. § 300.149; 22 Pa. Code § 14.102; Cordero by Bates v. Pennsylvania Dep't of Educ., 795 F. Supp. 1352 (M.D. Pa. 1992)("Accordingly, with regard to the state's liability in this action, the fact that local agencies are not performing up to par or that parents are not fulfilling their duties becomes irrelevant. It is the state's

> obligation to ensure that the systems it put in place are running properly and that if they are not, to correct them. This is the crux of the state's liability in this matter." Id. at 1362).

WHEREFORE, Plaintiffs, Alvin Dennis and Archtrin Dennis, individually, and as parents and natural guardians of F.D., respectfully request that this Honorable Court:

(1). Order the Philadelphia School District and the Pennsylvania Department of Education to immediately place F.D. in an appropriate out of District placement in accordance with Hearing Officer Skidmore's Due Process Hearing Decision dated May 11, 2026;

(2). Award F.D. additional Compensatory Education on an hour for hour basis for each hour F.D. was placed at Kensington High School for Creative and Performing Arts during the 2026-2027 school year until she is placed in accordance with Hearing Officer Skidmore's Due Process Hearing Decision dated May 11, 2026; and

(3). Award counsel fees, expert fees, and costs incurred for all aspects of the present action.

Respectfully submitted,

S/ David G. C. Arnold

David G. C. Arnold

Suite 270, 2200 Renaissance Boulevard
King of Prussia, Pennsylvania 19406
(610) 397-0722

Pennsylvania Bar Identification No. 49819

Attorney for Plaintiffs

Dated: October 29, 2026